Justice EISMANN,
concurring except with respect to Part IV.A.2, in which I concur in the result.
Idaho Code section 5-201 states, “Civil actions can only be commenced within the periods prescribed in this chapter after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute.” Idaho Code section 5-228 defines when an action is commenced under “this chapter” (Chapter 2 of Title 5, Idaho Code). Section 5-228 states, “An action is commenced within the meaning of the chapter when the complaint is filed.”
No complaint was filed against EIRMC and Dr. Taylor until the Englishes filed their second amended complaint on January 27, 2014. In Griggs v. Nash, 116 Idaho 228, 775 P.2d 120 (1989), we held that an action was not commenced on a third-party complaint until that complaint was actually filed.
On January 29, 1987, EMSI and Van Gelder filed a motion pursuant to I.R.C.P. 14(a) for leave to file a third-party complaint against Trout. A copy of the third-party complaint was attached to the mo *746 tion, On September 8, 1987, the trial court signed an order granting EMSI and Van Gelder leave to file their third-party complaint. The order was filed on September 10, 1987. The third-party complaint was filed on September 23, 1987. Pursuant to I.R.C.P. 3(a), an action is commenced by the filing of a complaint. Therefore, the action contained in the third-party complaint was not commenced until September 23, 1987. This was at least 14 days after the two-year statute of limitations had run. Therefore, we affirm the trial court’s ruling that the third-party complaint was barred by I.C. § 6-219(4).
116 Idaho at 234, 775 P.2d at 126 (emphasis added).
There is no logical difference between a third-party complaint that commences an action against a nonparty and an amended complaint that commences an action against a nonparty. In both instances, the nonparty was not a party to the lawsuit until the pleading is filed bringing the nonparty into the lawsuit. Consistent with Idaho Code section 5-228, Rule 3(a) of the Idaho Rules of Civil Procedure, and our decision in Griggs v. Nash, the complaint against EIRMC and Dr. Taylor was not filed until the Englishes filed their second amended complaint, which was untimely.. Therefore, their claim against these Defendants was barred by the statute of limitations set forth in Idaho Code section 5-219(4).